## TAYLOR v. HUFF.

(Filed June 10, 1902.)

EVIDENCE—*Malice—Malicious Prosecution—Attorney and Client.*

> In an action for malicious prosecution, evidence of language used by an attorney in the original action is not admissible as showing malice on the part of the client.

ACTION by J. W. Taylor against J. G. Huff, heard by Judge *W. S. O'B. Robinson,* at November Term, 1901, of the Superior Court of WAYNE County. From a judgment for the plaintiff, the defendant appealed.

*M. T. Dickinson,* for the plaintiff.
*Allen & Dortch,* for the defendant.

MONTGOMERY, J.    Although an attorney is the agent of his client in the execution of matters within the line of his employment, and the client is on that account bound by all the acts of his attorney in the course of legal proceedings (in the absence of fraud), yet it does not follow from this principle of law that a client is liable to third persons, or to the opposite party, for improper and irrelevant remarks of counsel made in the course of argument.    Attorneys are employed to faithfully and intelligently represent their clients' interests, whether in consultation or in the course of the trial of causes; and they are expected on the argument to confine their observations to that which is material and pertinent.    They are not employed to indulge in reflections, scandalous and false, nor to speak words calumnious and injurious to individuals and not relevant to the matter in issue.    If they do so, however, they themselves are liable to aggrieved parties, but only in such instances.    *Gattis v. Kilgo,* 128 N. C., 402; *Shelfer v. Gooding,* 47 N. C., 175.    Nothing else appearing, then, the

remarks of counsel in the argument of a cause, however calumnious and injurious to individuals, would not subject the client to a suit for slander, for such conduct would be presumed to be unauthorized by the client. If such remarks had been authorized, or if they had been approved by the client, the case would be altered and an action would lie against the client.

In the case of *Galveston R. R. Co. v. Smith,* 81 Tex., 479, a railroad company was sued for the loss of plaintiff's baggage; a cross-interrogatory put to her by the company's attorney, she claimed, was libelous, and by an amendment to her complaint she declared on it as a further ground for damages. It was decided that in the absence of evidence that the defendant either directed the attorney or approved of his act, the defendant would not be liable for the conduct of the attorney, even if the interrogatory were libelous. We think the same principle applies to a case like the one before us. This action for malicious prosecution was brought as the result of a prosecution by the defendant in this action of the plaintiff, before a Justice of the Peace for a forcible trespass. Upon the trial before the Justice the attorney of the defendant, here, the prosecutor there, used language alleged to be calumnious and malicious. That language of the attorney was, over the objection of the defendant, admitted by the referee as proof of malice on the part of the defendant. There was no evidence afterwards introduced before the referee tending to show that the defendant directed the attorney to make the objectionable remarks or that he approved of his conduct. There was error in receiving the evidence. We see no other error in the case.

Error.